IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOEY RABON,

      Plaintiff,

v.                                        CASE NO. 5:17cv24-RH/GRJ

LOUIS S. ROBERTS, III et al.,

      Defendants.

_____/

## ORDER GRANTING JUDGMENT AS A MATTER OF LAW

      This case presents a management dispute masquerading as a whistleblower claim. Rarely has a case better illustrated this long-settled principle: a federal judge and jury do not sit as a super-personnel board. After three days of trial, the plaintiff Joey Rabon, a captain in the Jackson County, Florida Sheriff's Office, proved beyond the shadow of a doubt what the defendant Sheriff said all along: there was dissension in the small drug unit that Mr. Rabon managed. Any competent employer would have addressed the problem, and the Sheriff did, first by keeping Mr. Rabon in place and reassigning his employees, and then, when that didn't

work, by reassigning Mr. Rabon. This order confirms the ruling announced on the record granting the Sheriff's motion for judgment as a matter of law.

On a motion for judgment as a matter of law, disputes in the evidence must be resolved, and all reasonable inferences must be drawn, in favor of the nonmoving party. The issue is whether, when the record is viewed that way, a reasonable jury could return a verdict for the nonmoving party. Judgment as a matter of law is proper only if the answer is no. This is a demanding standard. *See, e.g.*, *Commodores Entm't Corp. v. McClary*, 879 F.3d 1114, 1130 (11th Cir. 2017).

The record establishes these facts beyond dispute. The Sheriff removed Mr. Rabon from his position managing the drug unit and assigned him first to investigate a cold case and later to a bailiff position. The Sheriff reduced Mr. Rabon's rank to deputy—he was no longer managing employees or performing a captain's other duties—and put Mr. Rabon's pay at the highest level authorized for a deputy. This was less than his prior captain's pay. Mr. Rabon says the Department had a sufficient budget to continue to pay him as a captain, but the Sheriff needed just two captains and chose to use available funds for other purposes—including increasing the number of deputies on the road—rather than provide management pay to a person who was managing nobody.

Mr. Rabon says the dissention in the ranks of his unit was not his fault—that his employees' complaints were unfounded. But the evidence was undisputed that

there was substantial dissention within the unit and that Mr. Rabon's employees complained. Assessing fault and choosing a remedy were the Sheriff's prerogatives, not those of a federal judge and jury.

As the Eleventh Circuit has said time and again, a federal judge and jury do not sit as a super-personnel department. *See, e.g.*, *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000); *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991). The Eleventh Circuit has put it this way: "The employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Nix v. WLCY Radio/Rahall Comms.*, 738 F.2d 1181, 1187 (11th Cir. 1984) (Wisdom, J.). Here the Sheriff did not fire Mr. Rabon, but the same principle applies to reassignments and reductions in rank or pay.

Mr. Rabon's position at trial was that the real reason for the Sheriff's action was not the dissention in the drug unit that Mr. Rabon managed but multiple other events involving alleged misconduct by employees Mr. Rabon did *not* manage. Some were trivial, and in some Mr. Rabon's conduct was indefensible. Only three of the events involved reports by Mr. Rabon arguably protected by the Florida whistleblower statute. *See* ECF No. 72 at 4 (draft jury instructions describing the only reports by Mr. Rabon arguably protected by the statute). That any of the reports was protected was not an obvious proposition. *See* Fla. Stat. § 112.3187

(providing whistleblower protection and imposing limits). But even if the reports were protected, they were small drops in a large bucket of dissension between Mr. Rabon and others; they could not have made a difference. More importantly, the reports had nothing to do with Mr. Rabon's relationship with the employees he managed. The reports speak not at all to the Sheriff's legitimate, nonretaliatory reason for removing Mr. Rabon from his position.

In sum, the evidence at trial established without genuine dispute that there was dissension in Mr. Rabon's unit and that the Sheriff reassigned Mr. Rabon as a result. This was a legitimate, nonretaliatory reason for the Sheriff's actions. There was no evidence—none—that this reason was pretextual. There was no evidence that the Sheriff's actions resulted from anything Mr. Rabon said or did that was protected by the Florida public-whistleblower statute.

For these reasons and those set out on the record at the conclusion of the trial,

IT IS ORDERED:

1. The Sheriff's motion for judgment as a matter of law is granted.

2. The clerk must enter judgment stating, "This action was resolved on a motion for judgment as a matter of law at the close of all the evidence in a jury trial, before submission of the case to the jury. It is ordered that the plaintiff Joey

Rabon recover nothing on his claims against the defendant Sheriff of Jackson County, Florida. The claims are dismissed on the merits."

SO ORDERED on July 25, 2018.

<u>s/Robert L. Hinkle</u><br>
United States District Judge